UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON SHEPPARD and DONALD JOHNSON, JR., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Cause No. 1:21-CV-185-HAB |
| DEKALB COUNTY SHERIFF, | ) ) ) |
| Defendant. | ) ) |
| DEKALB COUNTY SHERIFF, | ) ) |
| Third-party Plaintiff, | ) ) |
| v. | ) ) |
| QUALITY CORRECTIONAL CARE, | ) ) |
| Third-party Defendant. | ) |

**OPINION AND ORDER**

After Plaintiffs Jason Sheppard ("Sheppard") and Donald Johnson, Jr., ("Johnson") sued the DeKalb County Sheriff ("Sheriff") over conditions of confinement, the Sheriff turned around and asserted a third-party complaint against Quality Correctional Care ("QCC"). The third-party claim asserts that QCC owes the Sheriff a defense and indemnity against the claims of Sheppard and Johnson. QCC has now moved for summary judgment (ECF No. 31), and the motion is now fully briefed. (ECF Nos. 32, 38, 46).

**I.    Factual Background**

Sheppard and Johnson both brought constitutional claims against the Sheriff arising out of their stay on Level 1 suicide watch while confined at the DeKalb County Jail. Based on the

allegations, Sheppard had the less enjoyable stay of the two. While Johnson complains of the conditions in the "rubber room," which seems to be the cell for acutely suicidal inmates, Sheppard asserts that he was dressed only in a smock, that there was no toilet in the room, that he was denied access to a restroom, and was instead told to use a hole in the cell floor as a restroom.

When the two Plaintiffs were inmates, the Sheriff contracted with QCC to provide medical services at the DeKalb County Jail, including mental health services. Relevant to QCC's motion, the contract included an insurance clause that required QCC to obtain professional liability and civil rights insurance, among other coverages, with limits of $1,000,000/$3,000,000, with the DeKalb County Commissioners named as additional insureds. (ECF No. 14-1 at 12–13). The parties agree that the contract includes no separate indemnity clause.

**II.     Legal Discussion**

**A.     *Summary Judgment Standard***

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists cannot create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

### B.   *The Sheriff has no Claim for Contractual Indemnity*

Even with no contractual indemnity clause, the Sheriff still claims that it is entitled to contractual indemnity from QCC. The Sheriff reasons that, since the contract requires QCC to obtain insurance for the County Commissioners' benefit[1], there is an "implied duty to indemnify" in the contract. (ECF No. 38 at 2–3). This argument is exactly wrong.

As the Indiana Court of Appeals has explained, contractual agreements to insure are fundamentally different from contractual agreements to indemnify:

> In contrast, an agreement to insure is an agreement to provide both parties with the benefits of insurance regardless of the cause of the loss (excepting wanton and willful acts). *Indiana Erectors, Inc. v. Trustees of Indiana University*, 686 N.E.2d 878, 880 (Ind. Ct. App. 1997), *reh'g denied*. An agreement to insure differs from an agreement to indemnify in that, with an agreement to insure, the risk of loss is not intended to be shifted to one of the parties, but is instead intended to be shifted to an insurance company. *Id*. Neither party intends to assume a potential liability because both are demonstrating appropriate business foresight in avoiding liability by allocating it to an insurer. *Id*. Therefore, standard rules of contract interpretation

---

[1] Neither side addresses the fact that the contract requires that the County Commissioners, not the Sheriff, be named as the additional insured. The contract, on its face, is between the Commissioners and QCC, with the Sheriff identified as DeKalb County's "liaison in dealing with QCC." (ECF No. 14-1 at 1). This is likely a distinction without a difference in the context of a § 1983 suit, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), but it is less clear that the difference is immaterial for insurance coverage or indemnification duties.

> apply to insurance agreements, rather than the strict construction given to self-indemnification clauses. *See, e.g., Eli Lilly & Co. v. Home Ins. Co.*, 482 N.E.2d 467, 470 (Ind. 1985) ("Generally, in Indiana, contracts for insurance are subject to the same rules of interpretation as are other contracts.").

*Exide Corp. v. Millwright Riggers, Inc.*, 727 N.E.2d 473, 482 (Ind. Ct. App. 2000).

Contrary to the Sheriff's argument, then, the existence of an insurance clause shows no indemnification duty on the part of QCC. The parties here have demonstrated "appropriate business foresight in avoiding liability by allocating it to an insurer." *Id*. Assuming that the required insurance was obtained, and there is no evidence that it was not, the Sheriff's "interest in the policy is regarded as coextensive with that of the named insured," and the Sheriff "enjoys the full benefits of the policy." COUCH ON INSURANCE THIRD EDITION, § 126:7, "Additional insureds". If the Sheriff wants a defense and indemnity, then, it is looking to the wrong entity; its claim should be against the insurer.

The only conclusion permitted by a reading of the plain language of the contract is that QCC owes no contractual duty to indemnify the Sheriff in this, or any other, case. QCC's motion for summary judgment on Count I of the third-party complaint will be granted.

**C.**   ***The Sheriff has not Claim for Common Law Indemnity***

Count II of the third-party complaint alleges that QCC breached its contract with the County Commissioners and, "[a]s a result of QCC's breach of the Agreement, DeKalb County suffered damages in payment of services related to the care and treatment of Jason Sheppard and Donald Johnson, Jr., and as in part of defending Plaintiffs' cause of action." (ECF No. 14 at 4–5). Because the claimed damages on this count are effectively indemnity damages, including potential liability to Plaintiffs and the cost of defense, the Court understands this claim to be one for common law indemnity. This claim, too, is a non-starter.

Indiana recognizes a limited cause of action for common law indemnity where no contractual right of indemnity exists.

> Indiana adheres to the general rule that in the absence of an express contractual or statutory right to indemnity, a party may bring an action for indemnification only if he is without fault. The right to indemnity may be implied at common law only in favor of one whose liability to another is solely derivative or constructive and only against one whose wrongful act has caused such liability to be imposed.

*Mullen v. Cogdell*, 643 N.E.2d 390, 400 (Ind. Ct. App. 1994). "The obligation to indemnify does not arise until the party seeking indemnity suffers loss or damages; that is, at the time of payment of the underlying claim, payment of a judgment on the underlying claim, or payment in settlement of the underlying claim." *TLB Plastics Corp. v. Procter & Gamble Paper Prods. Co.*, 542 N.E.2d 1373, 1376 (Ind. Ct. App. 1989).

At least two problems with the Sheriff's common law indemnity claim are immediately obvious. First, *all* of Plaintiffs' claims in the primary suit are against the Sheriff. In fact, Plaintiffs have disclaimed any claim against QCC and agree to judgment for QCC. (ECF No. 43). It is impossible, then, for the Sheriff to be held liable for any conduct other than his own. The Sheriff cannot have derivative or constructive liability for the acts of QCC, and therefore has no claim for common law indemnity.

Second, there is no evidence that the Sheriff has paid any damages in satisfaction of any claim or judgment to which indemnification would apply. Rather, Plaintiffs' claim against the Sheriff remains pending. Even if the Sheriff could establish the necessary derivative liability, then, his claim for indemnity is not yet ripe. *Indianapolis-Marion Cty. Pub. Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 838, 849 (Ind. Ct. App. 2010). QCC is entitled to summary judgment on Count II as well.

**III.    Conclusion**

For these reasons, QCC's Motion for Summary Judgment (ECF No. 31) is GRANTED. The Clerk is DIRECTED to enter judgment for QCC and against the Sheriff on the Sheriff's third-party complaint.

SO ORDERED on February 6, 2023.

                                               s/ *Holly A. Brady*
                                               JUDGE HOLLY A. BRADY
                                               UNITED STATES DISTRICT COURT